UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:                          )
                                )
James David Shelor and          )     Case No. 08-80738C-13D
Linda Eason Shelor,             )
                                )
          Debtors.              )
                                )

<u>MEMORANDUM OPINION</u>

This case came before the court on September 11, 2008, for hearing on a motion by the Debtors requesting that the court order that a period other than the six-month period preceding the month in which this case was filed be utilized in determining the current monthly income of the Debtors.  Edward C. Boltz appeared on behalf of the Debtors and Benjamin E. Lovell appeared on behalf of Richard M. Hutson, II, the Chapter 13 Trustee.

A debtor's current monthly income is an important piece of the puzzle involved in determining whether a proposed plan can be confirmed if there is an objection pursuant to section 1325(b)(1)(B).[1]  Most often, current monthly income is determined under section 101(10A)(A)(i) and is a historical figure consisting of the debtor's average monthly income during the six months preceding the month in which the case is filed.  If projected

_____

[1]If such an objection is filed, section 1325(b)(1)(B) requires that all of the debtor's "projected disposable income" be paid to unsecured creditors.  Under section 1325(b)(2), "disposable income means current monthly income received by the debtor . . . less amounts reasonably necessary to be expended . . . for the maintenance or support of the debtor . . . ."

disposable income is treated as being a projection of disposable income,[2] a debtor who has experienced a drop in income during the six months preceding filing of the petition may have insufficient income to pay the projected disposable income derived from utilization of the historical current monthly income figure.  That is the situation faced by the Debtors in this case.  The male Debtor experienced a drastic reduction in his income when he was demoted in January of 2008.  In his old job, the male Debtor's monthly income for December of 2007 was $14,759.22 and for November of 2007 was $19,203.30.  His monthly income plummeted when he was demoted.  During January of 2008, his income was  $5,264.40 and was only $3,000.00 per month during the months of February, March and April.  The Debtors' average monthly income during this six-month period was $7,954.48. It is undisputed that when this case was commenced on May 15, 2008, his actual income was less than half that amount.

    The motion seeks an alternative period for determining the Debtors' current monthly income so that Debtors' current monthly income will be more in line with their actual income and they can propose a plan that is both feasible and not vulnerable to an objection pursuant to section 1325(b)(1)(B).  The parties have submitted a proposed order under which the court would designate the

---

[2]E.g., In re Alexander, 344 B.R. 742, 749 (Bankr. E.D.N.C. 2006)(stating "in order to arrive at 'projected disposable income,' one simply takes the calculation mandated by § 1325(b)(2) and does the math").

period of January of 2008 through June of 2008 as the period for calculation of the Debtors' current monthly income.  For the reasons that follow, the court will decline to sign the proposed order and deny the motion.

The definition of "current monthly income" is contained in section 101(10A) of the Bankruptcy Code.  Under that definition, current monthly income:

> (A) means the average monthly income from all sources that the debtor receives (or in a joint case the debtor and the debtor's spouse receive) without regard to whether such income is taxable income, derived during the 6-month period ending on—
>
> (i) the last day of the calendar month immediately preceding the date of the commencement of the case if the debtor files the schedule of current income required by section 521(a)(1)(B)(ii); or
>
> (ii) the date on which current income is determined by the court for purposes of this title if the debtor does not file the schedule of current income required by section 521(a)(1)(B)(ii); and
>
> (B) includes any amount paid by any entity other than the debtor (or in a joint case the debtor and the debtor's spouse), on a regular basis for the household expenses of the debtor or the debtor's dependents (and in a joint case the debtor's spouse if not otherwise a dependent), but excludes benefits received under the Social Security Act, payments to victims of war crimes or crimes against humanity on account of their status as victims of such crimes, and payments to victims of international terrorism (as defined in section 2331 of title 18) or domestic terrorism (as defined in section 2331 of title 18) on account of their status as victims of such

terrorism.

Under this definition, a debtor's current monthly income ("CMI") is the average monthly income received by the debtor during a six-month period.  The six-month period to be used in determining the debtor's average monthly income varies depending on whether the debtor files the schedule of current income required by section 521(a)(1)(B)(ii), i.e., Schedule I.

If the debtor files a Schedule I, then the six-month period utilized in computing CMI is "the 6-month period ending on . . . the last day of the calendar month immediately preceding the date of the commencement of the case . . . ."  11 U.S.C. § 101(10A)(A)(i).  If the debtor does not file a Schedule I, then the six-month period utilized in computing CMI is "the 6-month period ending on . . . the date on which current income is determined by the court for purposes of this title . . . ."  11 U.S.C. § 101(10A)(A)(ii).

While section 101(10A)(A)(ii) provides an alternative to utilizing the six-month period preceding the filing of the case for computing CMI pursuant to section 101(10A)(A)(i), obtaining that alternative involves more than the debtor merely not filing a Schedule I.  Under section 521(a)(1)(B), the filing of Schedule I and the other schedules and documents described in section 521(a)(1)(B) is mandatory "unless the court orders otherwise . . . ."  Unless the court has otherwise ordered, Rule 1007(c) of the Federal Rules of Bankruptcy Procedure requires

that a Schedule I be filed with the petition or within 15 days thereafter and a failure to file a Schedule I within 45 days after the date of the filing of the petition will result in the automatic dismissal of the case pursuant to section 521(i)(1) effective on the 46th day after the date of the filing of the petition. Thus, if a debtor wishes not to file a Schedule I in order to invoke section 101(10A)(A)(ii), such a debtor must promptly seek and obtain an order relieving such debtor of the obligation to file a Schedule I in order to avoid the dismissal of the case on the 46th day after the petition date.[3]

If the debtor is successful in obtaining an order that excuses the filing of a Schedule I, then current monthly income is determined pursuant to section 101(10A)(A)(ii). As noted above, the determination of CMI under this provision depends upon when current income is determined by the court and is the average of the income received by the debtor during the six-month period ending on the date on which current income is determined by the court. Since the applicable six-month period for determining CMI is tied directly to

---

[3]Another filing required under section 521(a)(1)(B) unless the court orders otherwise is the Form B22C. See 11 U.S.C. § 521(a)(1)(B)(iv)(which requires "a statement of the amount of monthly net income, itemized to show how the amount is calculated"). The starting point in preparing a Form B22C is the debtor's CMI, which cannot be determined without knowing which months are to be included in the six-month period used to calculate CMI. Thus, it would appear that the debtor also must obtain an order extending the time for filing a B22C or file a B22C using the six-month period preceding the filing of the case (and later amend when a different six-month period becomes applicable).

when current income is determined, the applicable six-month period will vary according to when the determination of current income is made.    Section 101(10A)(A)(ii) thus provides flexibility not available under section 101(10A)(A)(i).

The flexibility available under section 101(10A)(A)(ii), however, is not unlimited.  Even if no Schedule I is filed, section 101(10A)(A)(ii) does not authorize the court to designate any six-month period it chooses as the applicable period for computing CMI. Rather, once current income is determined by the court, the applicable six-month period automatically is the six-month period ending on the date on which the determination of current income was made and not some period chosen in the abstract.  Thus, the key to using section 101(10A)(A)(ii) in a manner in which the applicable six-month period will produce a more realistic picture of the debtor's actual current income is the timing of the hearing at which the court determines current income since once that hearing is held, the applicable six-month period is fixed as the six months preceding the date of the hearing.[4]

---

[4]The later the hearing at which current income is determined, the more removed the period for determining CMI will be from the six-month period called for under section 101(10A)(A)(i).  There is, however, a limit on how far the section 101(10A)(A)(ii) determination of current income can or should be extended.  Until the debtor's current income is known and an accurate B22C has been filed, confirmation essentially is on hold since both current income and a B22C are needed in order to conduct a meaningful confirmation hearing. Thus, the longer the delay in determining current income, the longer will be the delay in confirming a plan.  Apart from practicality considerations regarding how long confirmation should

- 6 -

The court has no authority in the present case to designate the six-month period requested by the Debtors because there has been no determination of the Debtors' current income as required in order for section 101(10A)(A)(ii) to be applicable. Accordingly, the court declines to sign the order submitted by the Debtors and will deny the motion. An order so providing, is being entered contemporaneously with the filing of this memorandum opinion.

This **23rd** day of September, 2008.

William L. Stocks
WILLIAM L. STOCKS
United States Bankruptcy Judge

---

be delayed, section 1324 mandates that a confirmation hearing be held no later than 45 days after the date of the meeting of creditors. Rule 2003 provides that the meeting of creditors in a chapter 13 case shall be called no later than 50 days after the order for relief. This means that if the meeting of creditors is scheduled and completed on the last permissible day, a confirmation hearing must be commenced within 95 days after the petition date. If the confirmation hearing is to be completed on that date, the determination of current income will have to be made no later than on the same date, in which event the applicable six-month period for determining CMI will be the six months preceding that date, i.e., three months preceding the petition date and the three months following the petition date. If either the meeting of creditors or the confirmation hearing is not completed on the date first scheduled and is completed at a later date, there is a possibility of a later date for determination of current income and confirmation. See 8 Collier on Bankruptcy ¶ 1324.02[2] (15th ed. Rev. 2008)("[T]he language of section 1324(b) should be read to require only that the confirmation hearing be commenced within the deadline stated. There will be occasions on which the court cannot finish the hearing on the same day, or a proceeding to determine the amount of a claim must first be resolved, or a person necessary to the hearing is ill, and there is no reason for a rigid rule that would prevent the court from continuing the hearing to a later date.").

## PARTIES IN INTEREST

James David Shelor, Jr.
Linda Eason Shelor
119 Crystal Lake Road
Timberlake, NC 27583

Edward C. Boltz, Esq.
6616-203 Six Forks Road
Raleigh, NC 27615

Richard M. Hutson Trustee